UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA KOKHANOVSKI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TD BANK USA, N.A., *et al*.<br><br>　　　　　Defendants. | Case No. 1:22-cv-01552-JLT-CDB<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND AND DENY AS MOOT DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT<br><br>(Docs. 7-8) |

Pending before the Court is Defendant TD Bank USA, N.A.'s ("TD Bank") motion for more definite statement and Plaintiff Elena Kokhanovski's ("Plaintiff") motion to remand. (Docs. 7-8).[1] In addition to the motions, the Court has received and considered the parties' oppositions and replies to the aforementioned motions. (Docs. 13, 15, 19-20). For the foregoing reasons, the Court will grant Plaintiff's motion to the extent of remanding the action, deny Plaintiff's motion to award costs and fees, and deny as moot Defendant's motion for more definite statement.

**<u>Background</u>**

On October 18, 2022, Plaintiff filed a complaint in Kern County Superior Court against Defendants TD Bank and Patenaude & Felix A Professional Corporation (hereinafter collectively

---

[1] On May 22, 2023, Plaintiff's motion to remand (Doc. 8), and Defendant's motion for more definite statement (Doc. 7) were assigned for decision to the undersigned following the parties' filing of forms acknowledging their consent to the jurisdiction of a magistrate judge, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 25).

1

"Defendants"). (Doc. 1-1). Plaintiff raised the following claims: (1) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), (2) violation of the unfair competition law, (3) violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), and (4) violation of the California Identity Theft Law. *Id*. at 1, 11-16) (citing Cal. Civ. Code §§ 1785.25(a), 1788, *et seq*., 1798.92, *et seq*. and Cal. Bus. & Prof. Code § 17200, *et seq*.)

Plaintiff's complaint also alleges "Defendant" violated the Federal Credit Reporting Act ("FCRA"). *Id*. at ¶¶ 35-36, 43 (citing 15 U.S.C. §§ 1681c, 1681n, 1681o, and 1681s-2(b)). Specifically, Plaintiff claims "Defendant" violated the FCRA by willfully, knowingly, and negligently:

(1) continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

(2) failing to comply with the requirements of § 1681s-1;

(3) failing "to follow reasonable procedures to assure maximum possible accuracy", in the preparation of a consumer report concerning Plaintiff;

(4) failing to correct, after receiving ample notice, information about Plaintiff, that Defendant knew, or should have known was incomplete and/or inaccurate;

(5) failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

(6) failing to conduct an adequate investigation of Plaintiff's complaints and failing to implement corrective actions "once the outcome of such investigations was known, or that should have been known;

(7) failing to provide subsequent users of Plaintiff's credit report with the Plaintiff's statement of dispute or a summary thereof;

(8) furnishing "negative and inaccurate credit information to credit reporting agencies;

(9) failing to place a fraud alert on Plaintiff's credit files, as required by § 1681c-1;

(10) failing to put a block on the identity theft account or accounts, as required by § 1681s-2;

(11) failing to provide such information to the credit bureaus including the full nature, reasons, and extent of Plaintiff's dispute, and thus causing the credit reports to the credit bureaus be inaccurate and incomplete.

*Id*. at ¶ 35.  Plaintiff alleges "Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages, and harm to Plaintiff that are outlined more fully above."  *Id*. at ¶ 36.  Plaintiff asserts she has suffered economic and emotional harm and seeks recompense from "Defendant" for its numerous and egregious violations of federal and state law, including the FCRA.  *Id*. at ¶ 43.  Pursuant to the CCRAA, Plaintiff asks for the following relief:

> (1) actual damages; (2) statutory damages for all violations as well as for willful and negligent violations; (3) exemplary and punitive damages as determined by the Court or finder of fact; (4) costs and reasonable attorney's fees; and (5) for such other and further relief as may be just and proper.

*Id*. at 15.  On November 1, 2022, TD Bank "received the complaint by service by email."  (Doc. 1 at ¶ 4).  On November 30, 2022, TD Bank timely removed this case to federal court.  *Id*. at ¶ 5.  TD Bank asserts federal question jurisdiction under 28 U.S.C. §§ 1441(a) and 1446, due to the Complaint's reference to the FCRA.  *Id*. at ¶¶ 3, 7.

On December 7, 2022, TD Bank filed a motion for more definite statement pursuant to Fed. R. Civ. P. 12(e).  (Doc. 7).  On December 10, 2022, Plaintiff filed the instant motion, requesting the Court remand this action to the Kern County Superior Court and award Plaintiff their attorney's fees.  (Doc. 8).  Both motions have been fully briefed.  (Docs. 13, 15, 19-20).

**Legal Standard**

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action.  Generally, federal courts have original jurisdiction over civil actions arising under federal law as well as those between citizens of different states in which the alleged damages exceed $75,000.  28 U.S.C. §§ 1331, 1332.

"The party invoking the removal statute bears the burden of establishing federal jurisdiction." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).  There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance."  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

The Court may award the plaintiff costs and attorney fees incurred when remanding a case to state court. 28 U.S.C. §§ 1447(c). The court possesses broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. *Balcorta v. Twentieth-Century Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

**Discussion and Analysis**

TD Bank removed this action based on federal question jurisdiction under 28 U.S.C. § 1441(a). (Doc. 1). Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." Generally, "[a] case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotation marks and citation omitted).

In general, the plaintiff is the "master of the complaint," and may choose "not to plead independent federal claims" in a complaint asserting state law causes of action. *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000). Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (the Supreme Court does not treat "federal issues as a password opening federal courts to any state action embracing a point of federal law"). However, "a plaintiff may not avoid federal jurisdiction by 'omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law.'" *Rains v. Criterion Sys.*, 80 F.3d 339, 344 (9th Cir. 1996) (citing *Olguin v. Inspiration Consol. Cooper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984)).

4

TD Bank asserts this Court has federal question jurisdiction based on Plaintiff's allegations that "Defendant" violated the FCRA. (Doc. 13). TD Bank argues Plaintiff has alleged more than a passing reference to federal law. *See id*. at 6 ("But nearly two pages of federal law in a complaint, including an explicit claim of multiple violations of federal law without any reference to state law, is more than a 'passing reference,' and cannot be dismissed as 'an erratum.'"). Instead, TD Bank contends Plaintiff's invocation of "Sections 1681n and 1681o of the FCRA" and request for relief for which federal law provides, establishes federal question jurisdiction. *See id*. at 7-9 ("There is no plausible reason to cite either statute other than to assert the liability and to seek the remedies for which sections 1681n and 1681o provide."). Further, TD Bank avers Plaintiff's complaint alleges "almost a dozen specific acts that allegedly violate the [FCRA]" and are independent of her CCRAA claim. *Id*. at 10-12.

While Plaintiff's complaint references the FCRA and asserts that Defendant's conduct in violation of FCRA caused Plaintiff to suffer damages (Doc. 1-1 at ¶¶ 35-36, 43), mere references to federal statutes are not enough to establish federal jurisdiction. *See id*. at 13-16; *see also Alan v. Equifax*, No. CV 1906588-DMG (ASX), 2019 WL 5801891, at *2 (C.D. Cal. Nov. 6, 2019) (defendant's alleged violations of Sections 1681n and 1681o set forth in *seven* paragraphs of the complaint did not create a federal cause of action) (emphasis added).

TD Bank asks the Court to look at "the facts alleged," and "the substance" of Plaintiff's complaint to find an FCRA claim. (Doc. 13 at 11) (quoting *N. River Ins. Co. v. H.K. Constr. Corp.*, 462 F. Supp. 3d 1080, 1087 (D. Haw. 2020), *J.M. v. L.A. Unified Sch. Dist.*, No. 18-cv-1134-CBM-FFMx, 2019 WL 2871144, at *3 n. 5 (C.D. Cal. March 13, 2019)). The Court acknowledges that Plaintiff generally refers to a laundry list of statutes in asking for "recompense" under "the RFDCPA, FDCPA, *FCRA*, CA CCRAA and The California Identity Theft Law." (Doc. 1-1 at ¶ 43).[2] However, the balance of Plaintiff's complaint asserts only state-based claims against Defendants. *Id*. at 12-16. Unlike the complaint in one of the cases cited by Defendant in opposition to remand, Plaintiff here does not assert causes of action under the FCRA or otherwise plead for a remedy that is uniquely

---

[2] Plaintiff argues this reference to the FCRA is "mere erratum." (Doc. 8 at 8-9); *see* (Doc. 20 at 5)

5

available under FCRA.  *See* (Doc. 13 at 6) (citing *Tailford v. Experian Information Solutions, Inc.*, No. SACV 19-02191JVS(KESx), 2020 WL 2464797, at *1 (C.D. Cal. May 12, 2020)).  Plaintiff's avoidance of asserting any claim under FCRA or seeking relief uniquely available under FCRA suggests that Plaintiff, as "master of her compliant…[pled] to avoid federal jurisdiction." *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 998-99 (9th Cir. 2007); *see, e.g. Chinitz v. Experian Info. Sols., Inc.*, No. 5:17-cv-06515-EJD, 2017 WL 5560653, at *1-2 (N.D. Cal. Nov. 20, 2017) (remanding action after finding that "the CCRAA and its federal counterpart, the Fair Credit Reporting Act, co-exist as separate statutory schemes … although a federal law is noted in the allegations, the mere reference does not convert a state law claim into a federal cause of action.").

       TD Bank's contention that Plaintiff is "engaging in artful pleading" to avoid federal jurisdiction is unavailing.  (Doc. 13 at 10-11).  "[A]lthough [a] plaintiff is master of his [pleadings], he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 860 (9th Cir. 1987).  This is known as the "artful pleading doctrine," and it applies when "a plaintiff articulates an inherently federal claim in state-law terms." *Brennan v. SW. Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998).  The doctrine allows courts to delve beyond the face of the state court complaint and find federal question jurisdiction by recharacterizing a plaintiff's state-law claim as a federal claim. *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (internal quotation marks and citations omitted).  "Courts should invoke the doctrine only in limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Id*. (internal quotation marks and citation omitted).

       Generally, courts have used the artful pleading doctrine in two broad categories of cases: (1) complete pre-emption cases; and (2) substantial federal question cases. *Lippitt*, 340 F.3d at 1041 (internal citations omitted).  "Subsumed within this second category are those cases where the claim is necessarily federal in character, or where the right to relief depends on the resolution of a substantial, disputed federal question." *Id*. at 1042 (citing *Brennan*, 134 F.3d at 1409, *Merrell Dow*, 487 U.S. at 814).

1       Here, TD Bank does not (and cannot) argue that Plaintiff's claims are completely pre-empted
2  by federal law. (Doc. 13 at 13); *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1169 (9th
3  Cir. 2009) (noting the FCRA's pre-emption provision expressly exempts the CCRAA); *Chinitz*, 2017
4  WL 5560653, at *2 ("there is no basis to invoke the artful pleading doctrine under these circumstances
5  when Plaintiff has validly brought claims under a state statute [CCRAA] that is not supplanted by
6  federal law [FCRA]."). Plaintiff's claims also do not necessarily turn on the construction of
7  substantial, disputed federal questions. While the "relief that the complaint seeks in count III is relief
8  of the kind for which the [FCRA] provides" (Doc. 13 at 9), Plaintiff's claims do not exclusively give
9  rise to such violations. In fact, Plaintiff asks for relief that can be provided independently under state
10 law. *See* (Doc. 1-1 at 15) (Plaintiff requests actual, statutory, and punitive damages); Cal. Civ. Code §
11 1785.31 (the CCRAA provides for actual, statutory and punitive damages). Thus, because Plaintiff
12 need not prove Defendants violated the FCRA to obtain the relief requested, the complaint does not
13 turn on the construction of a substantial, disputed federal question, and does not confer federal
14 jurisdiction over this action.

15      Having found removal here was improper, the Court declines to grant Plaintiff's request for
16 attorney fees. When remanding a case, the Court "may require payment of just costs and any actual
17 expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent
18 unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing
19 party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*,
20 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be
21 denied." *Id*. Generally, whether to award attorney's fees pursuant to § 1447(c) is a matter left to the
22 Court's discretion. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

23      While the Court has found that removal jurisdiction was not warranted in this case and that
24 removal was improper as a matter of law, the Court does not find that TD Bank's position was
25 objectively unreasonable. It was not so inconceivable that TD Bank could presume a federal question
26 existed when Plaintiff referenced the FCRA in three paragraphs of her complaint and erroneously
27 requested relief under said statute. (Doc. 1-1 at ¶¶ 35-36, 43); (Doc. 8 at 8-9); (Doc. 20 at 5).
28

**Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to remand (Doc. 8) is GRANTED IN PART AND DENIED IN PART:

1. Plaintiff's motion is GRANTED to the extent of remanding this action to the Superior Court of the State of California, County of Kern;
2. Plaintiff's motion is DENIED to the extent of awarding costs and fees;
3. TD Bank's motion for more definite statement (Doc. 7) is DENIED AS MOOT; and
4. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: __August 18, 2023__            _____
                                          UNITED STATES MAGISTRATE JUDGE